# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

---

In re   Shirley J. Gates,                                Chapter 13

     Debtor.                                     Case No.:   15-25701-GMH

---

Shirley J. Gates,                                        Adversary No.:
5653 West Joleno Lane
Brown Deer, Wisconsin 53223

     Plaintiffs-Debtors,

v.

Household Finance Corporation III
2700 Sanders Road
Prospect Heights, IL 60070

     Defendant-Creditor.

---

**Complaint to Determine and Avoid Purported Lien Held by Household Finance Corporation III on the Property Located at 5653 West Joleno Lane, Brown Deer, Wisconsin 53223 Pursuant to 11 U.S.C. § 506(d)**

---

PLEASE TAKE NOTICE THAT the above-mentioned Plaintiff-Debtors, Shirley J. Gates ("Debtor,") by her attorney, Paul Strouse of Strouse Law Offices, LLC, file this adversary complaint and assert the following:

### JURISDICTION

1. Debtors filed a petition for relief under Chapter 13 of Title 11 of the United States Code on January 26, 2015 ("Filing Date.") This Court has jurisdiction under 28 U.S.C. § 1334.

Drafted by:
Attorney Paul Strouse
Strouse Law Offices, LLC
413 N. 2nd Street, Suite 150
Milwaukee, WI 53203
Telephone: (414) 390-0820 / Fax: (414) 220-5115
paul@bankruptcyinmilwaukee.com

1. This adversary proceeding arises out of and is related to the above-captioned Chapter 13 bankruptcy petition. The Defendant-Creditor ("Creditor") has a claim against the Debtors, as defined by 11 U.S.C. § 101(5). The complaint, as set forth herein, involves the determination of the secured status of a claim pursuant to 11 U.S.C. § 506, and as such, constitutes a "core" proceeding as defined in to 28 U.S.C. § 157(b)(2) and pursuant to Bankruptcy Rule 7008..

2. Federal Rule of Bankruptcy Procedure 7001(2) requires the filing of this Adversary Complaint.

3. Venue for this adversary proceeding is proper pursuant to 28 U.S.C. § 1409(a).

4. Debtors' property is located at 5653 West Joleno Lane, Brown Deer, Wisconsin 53223 is a duplex which one is the Debtors' homestead ("subject property.") The legal description is as follows:

   > LOT 2 IN BLOCK 9 IN FAIRY CHASM MANOR, BEING A SUBDIVISION OF THE SOUTHWEST ¼ OF THE NORTHWEST ¼ OF SECTION 2, IN TOWNSHIP 8 NORTH, RANGE 21 EAST, ALSO THE NORTHWEST ¼ OF THE NORTHWEST ¼ OF THE SOUTHWEST ¼ OF SECTION 2, TOWNSHIP 8 NORTH, RANGE 21 EAST, ALSO THE NORTHWEST ¼ OF THE SOUTHEAST ¼ OF SECTION 2, IN TOWNSHIP 8 NORTH, RANGE 21 EAST, IN THE VILLAGE OF BROWN DEER, COUNTY OF MILWAUKEE, STATE OF WISCONSIN.

5. As of the filing date, the Subject Property's fair market value was $238,900.00. Fair market value was determined by the 2014 Village of Brown Deer Real Property Tax Bill. A true and accurate copy of the tax bill is attached as "Exhibit A." **SEE Ex. A.**

6. J.P. Morgan Acquisition Corporation holds a first mortgage that encumbers the Subject Property. The original mortgage was recorded on October 22, 2004, in the Milwaukee County Register of Deeds as document number 08888900. The original lender on the mortgage was Argent Mortgage Company, LLC. The original mortgage was for

$189,000.00. A true and correct copy of the recorded first mortgage is attached as "Exhibit B." **See Ex. B.** This mortgage was transferred to CITIFINANCIAL MORTGAGE COMPANY, INC. by an Assignment of Mortgage, which was recorded on July 28, 2005, in the Milwaukee County Register of Deeds as document number 09058251. A true and correct copy of the recorded assignment of mortgage is attached as "Exhibit C." **See Ex. C**. This mortgage was transferred, again, to Selene Finance L.P. by an Assignment of Mortgage, which was recorded on January 20, 2010, in the Milwaukee County Register of Deeds as document number 09837293. A true and correct copy of the recorded assignment of mortgage is attached as "Exhibit D." **See Ex. D.** This mortgage was transferred, again, to SRMOF 2009-1 TRUST by an Assignment of Mortgage, which was recorded on April 27, 2011, in the Milwaukee County Register of Deeds as document number 09991663. A true and correct copy of the recorded assignment of mortgage is attached as "Exhibit E." **See Ex. E.** This mortgage was transferred, again, to J.P. Morgan Acquisition Corporation by an Assignment of Mortgage, which was recorded on Jult 9, 2012, in the Milwaukee County Register of Deeds as document number 10135926. A true and correct copy of the recorded assignment of mortgage is attached as "Exhibit F." **See Ex. F.**

7. As of the Filing Date, J.P. Morgan Mortgage Acquisition Corporation has a claim secured by the first mortgage. According to the Proof of Claim #6 filed on behalf of J.P. Morgan Mortgage Acquisition Corporation on June 25, 2015, the balance due on the note secured by the mortgage is $325,307.98. A true and correct copy of Proof of Claim #6 is attached as "Exhibit G" and it is incorporated herein by reference. **See Ex. G.**

8. As of the Filing Date, Household Finance Corporation III holds a second mortgage that encumbers the Subject Property. The second mortgage was recorded in the Milwaukee County Register's Office as document number 09061413 on June 2, 2005. A true and correct copy of the recorded second mortgage is attached hereto as "Exhibit H." **See Ex. H**

## ARGUMENT

**I.     The Debtor may avoid Household Finance Corporation III's second mortgage pursuant to 11 U.S.C. § 506 because the second mortgage is not attached to any equity in the Subject Property.**

9. As of the Filing Date, only the first mortgage held by J.P. Morgan Mortgage Acquisition Corporation is a secured claim as defined by 11 U.S.C. § 506(a).

10. As of the Filing Date, the second mortgage held by Household Finance Corporation III were entirely unsecured.

11. There is no equity in the Subject Property for Household Finance Corporation III's second mortgage to attach to before, during, or after the bankruptcy filing because the balance due on the note secured by the first mortgage exceeds the value of the Subject Property.

12. Pursuant to § 506(a), Household Finance Corporation III's claim is not an allowed secured claims because the lien does not attach to any equity.

WHEREFORE, the Debtors respectfully request that this Court find and order:

1. That Household Finance Corporation III's purported second mortgage is void pursuant to 11 U.S.C. §506(d);

2. That Household Finance Corporation III's purported second mortgage shall be treated as a general pre-petition unsecured non priority claim throughout the Debtors' above-captioned Chapter 13 bankruptcy case;

3. That upon successful completion of the Debtors' Chapter 13 plan and upon granting of a discharge in the Debtors' above-captioned Chapter 13 bankruptcy case, the second mortgage held by Household Finance Corporation III shall be deemed to be fully paid and Household Finance Corporation III's lien shall have no legal effect.

4. Such other relief as this Court may deem just and proper.

Dated this 19th day of June, 2015 at Milwaukee Wisconsin

                                            /s/ *Paul Strouse*

Strouse Law Offices, LLC
Attorneys for the Debtors
By: Attorney Paul Strouse
State Bar No.: 1017891

Attorney Paul Strouse
Strouse Law Offices, LLC
413 N. 2nd Street, Suite 150
Milwaukee, WI 53203
Telephone: (414) 390-0820 / Fax: (414) 220-5115
paul@bankruptcyinmilwaukee.com